1

2

3

4

5

6

7

**FILED**
CLERK, U.S. DISTRICT COURT

**7/1/2022**

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ JB _____ DEPUTY

8                     UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                       June 2022 Grand Jury

11   UNITED STATES OF AMERICA,        CR    2:22-cr-00294 -ODW

12            Plaintiff,              I N D I C T M E N T

13            v.                      [18 U.S.C. § 371: Conspiracy;
                                      18 U.S.C. § 922(a)(1)(A): Engaging
14   MATTHEW JOHNSON,                 in the Business of Dealing in
        aka "East," and              Firearms Without a License;
15   ANDREA RESHIONE REYES,           18 U.S.C. § 922(g)(1): Felon in
                                      Possession of Firearms and
16            Defendants.             Ammunition; 26 U.S.C. § 5861(d):
                                      Possession of Unregistered
17                                    Firearms; 18 U.S.C. § 922(o):
                                      Possession of Machineguns;
18                                    18 U.S.C. § 924, 28 U.S.C.
                                      § 2461(c): Criminal Forfeiture]

19

20

21        The Grand Jury charges:

22                           COUNT ONE

23                       [18 U.S.C. § 371]

24                       [ALL DEFENDANTS]

25   A.   INTRODUCTORY ALLEGATIONS

26        At times relevant to this Indictment:

27        1.   Defendant MATTHEW JOHNSON, also known as "East," resided in

28   Los Angeles, California, within the Central District of California.

Defendant ANDREA RESHIONE REYES resided within the District of Nevada.

2.    The ATF required all federally-licensed firearms dealers ("FFLs") to document firearms sales and purchases on an ATF Form 4473 Firearms Transaction Record ("Form 4473"), a form that was completed by the FFL and the firearm purchaser.

3.    At the time the purchaser submitted an application to purchase a firearm, the purchaser was required to certify on the Form 4473 that he or she was the "actual buyer" of the firearm.  The Form 4473 advised that: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."

B.    OBJECT OF THE CONSPIRACY

4.    Beginning on a date unknown, but not later than on or about May 2, 2022, and continuing until a date unknown but not earlier than on or about May 25, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOHNSON and REYES conspired with others known and unknown to the Grand Jury to commit an offense against the United States, namely, to knowingly make false statements in the acquisition of firearms, in violation of Title 18, United States Code, Section 922(a)(6).

C.    THE MANNER AND MEANS OF THE CONSPIRACY

5.    The object of the conspiracy was to be accomplished, in substance, as follows:

a.    Defendant JOHNSON would direct defendant REYES to obtain firearms for defendant JOHNSON from FFLs in Nevada.

b.    Defendant REYES would purchase firearms from FFLs in Nevada and would execute and return to the FFLs Form 4473s falsely

stating that defendant REYES was the actual buyer of the firearms, rather than defendant JOHNSON who was, in fact, the actual buyer.

c. Defendant REYES would take possession of the firearms and then transfer them to defendant JOHNSON.

D. OVERT ACTS

6. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants JOHNSON and REYES, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On May 2, 2022, defendant REYES bought a Ruger, model LCP MAX, .380 auto caliber semi-automatic pistol, bearing serial number 381359008 ("Ruger 1") from an FFL in Las Vegas, Nevada ("Firearm Retailer #1").

Overt Act No. 2:   On May 2, 2022, defendant REYES executed and submitted to Firearm Retailer #1 a Form 4473, which falsely stated that she was the actual buyer of the Ruger 1 when, in fact, as defendant REYES then knew, the Ruger 1 was purchased for defendant JOHNSON.

Overt Act No. 3:   On May 2, 2022, defendant REYES bought a Taurus, model GX4, 9mm caliber semi-automatic pistol, bearing serial number 1GA67637 ("Taurus") from Firearm Retailer #1.

Overt Act No. 4:   On May 2, 2022, defendant REYES executed and submitted to Firearm Retailer #1 a Form 4473, which falsely stated that she was the actual buyer of the Taurus when, in fact, as defendant REYES then knew, the Taurus was purchased for defendant JOHNSON.

Overt Act No. 5:   On May 2, 2022, defendant JOHNSON travelled from Los Angeles, California to Las Vegas, Nevada, took possession of the Ruger 1 and Taurus from defendant REYES, and then transported the Ruger 1 and Taurus back with him to Los Angeles, California.

Overt Act No. 6:   On May 3, 2022, defendant JOHNSON travelled from Los Angeles, California to Las Vegas, Nevada and accompanied defendant REYES to an FFL in Las Vegas, Nevada ("Firearm Retailer #2").

Overt Act No. 7:   On May 3, 2022, defendant REYES bought a Smith & Wesson, model SD9, 9mm Luger caliber semi-automatic pistol, bearing serial number FDZ0848 ("Smith & Wesson 1"), from Firearm Retailer #2.

Overt Act No. 8:   On May 3, 2022, defendant REYES bought a Ruger, model AR-556, 556 caliber semi-automatic rifle, bearing serial number 1852-28163 ("Ruger 2"), from Firearm Retailer #2.

Overt Act No. 9:   On May 3, 2022, defendant JOHNSON told a salesperson at Firearm Retailer #2 to list defendant REYES's name on Form 4473 as the actual buyer for the firearms purchased from Firearm Retailer #2.

Overt Act No. 10:   On May 3, 2022, defendant REYES executed and submitted to Firearm Retailer #2 a Form 4473, which falsely stated that she was the actual buyer of the Smith & Wesson 1 and the Ruger 2 when, in fact, as defendant REYES then knew, the Smith & Wesson 1 and the Ruger 2 were purchased for defendant JOHNSON.

Overt Act No. 11:   On May 3, 2022, defendant REYES bought a Ruger, model Security 9, 9mm Luger caliber semi-automatic pistol, bearing serial number 385-71900 ("Ruger 3"), from a retailer firearms store in Las Vegas, Nevada ("Firearm Retailer #3").

<u>Overt Act No. 12:</u>   On May 3, 2022, defendant REYES bought a Glock, model 43X, 9mm caliber semi-automatic pistol, bearing serial number BWUY167 ("Glock"), from Firearm Retailer #3.

<u>Overt Act No. 13:</u>   On May 3, 2022, defendant REYES bought a Smith & Wesson, model MP-15, .223 caliber semi-automatic rifle, bearing serial number TU20032 ("Smith & Wesson 2"), from Firearm Retailer #3.

<u>Overt Act No. 14:</u>   On May 3, 2022, defendant REYES executed and submitted to Firearm Retailer #3 a Form 4473, which falsely stated that she was the actual buyer of the Ruger 3, the Glock, and the Smith & Wesson 2 when, in fact, as defendant REYES then knew, the Ruger 3, the Glock, and the Smith & Wesson 2 were purchased for defendant JOHNSON.

<u>Overt Act No. 15:</u>   On May 3, 2022, defendant JOHNSON took possession of the Ruger 2, Ruger 3, Glock, Smith & Wesson 1, and Smith & Wesson 2 from defendant REYES and then transported the Ruger 2, Ruger 3, Glock, Smith & Wesson 1, and Smith & Wesson 2 back with him to Los Angeles, California.

<u>Overt Act No. 16:</u>   On May 24, 2022, defendant JOHNSON texted defendant REYES, directing defendant REYES to purchase two Ruger 57 firearms from an FFL in Las Vegas, Nevada, and promising to send her $1,500 through the Zelle application for the Ruger 57s.

<u>Overt Act No. 17:</u>   On May 25, 2022, defendant REYES attempted to purchase a Ruger, model 57, 5.7x28 caliber semi-automatic pistol, bearing serial number 643-69052 ("Ruger 4") and a Ruger, model 57, 5.7x28 caliber semi-automatic pistol, bearing serial number 643-53483 ("Ruger 5") from a retailer firearms store in Las Vegas, Nevada ("Firearm Retailer #4")

<u>Overt Act No. 18:</u>  On May 25, 2022, defendant REYES executed and submitted to Firearm Retailer #4 a Form 4473, which falsely stated that she was the actual buyer of the Ruger 4 and Ruger 5 when, in fact, as defendant REYES then knew, the Ruger 4 and Ruger 5 were purchased for defendant JOHNSON.

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

[DEFENDANT JOHNSON]

Beginning on or before May 2, 2022, and continuing through on or about June 3, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," not being licensed as an importer, manufacturer, or dealer in firearms, willfully engaged in the business of dealing in firearms, specifically, the sales and attempted sales of the following firearms, on or about the following dates:

| Date | Firearm(s) |
|------|------------|
| 05/02/2022 | A Taurus, model GX4, 9mm caliber semi-automatic pistol, bearing serial number 1GA67637; <br><br> A Ruger, model LCP MAX, .380 auto caliber semi-automatic pistol, bearing serial number 381359008; and <br><br> A Glock, model 26Gen5, 9mm caliber pistol, bearing serial number AFSF627. |
| 05/04/2022 | A Ruger, model AR-556, 5.56 caliber semi-automatic rifle, bearing serial number 1852-28163; <br><br> A Ruger, model Security 9, 9mm Luger caliber semi-automatic pistol, bearing serial number 385-71900; <br><br> A Glock, model 43X, 9mm caliber semi-automatic pistol, bearing serial number BWUY167; <br><br> A Smith & Wesson, model SD9, 9mm Luger caliber semi-automatic pistol, bearing serial number FDZ0848; and <br><br> A Smith & Wesson, model MP-15, .223 caliber semi-automatic rifle, bearing serial number TU20032. |

| Date | Firearm(s) |
|------|-----------|
| 05/10/2022 | A Glock, model 43, 9mm caliber semi-automatic pistol, bearing serial number AFDA303;<br><br>A Taurus, model G3, 9mm caliber pistol, bearing serial number ACK450889;<br><br>An ABC Rifle Company, model ABC-15, multi-caliber semi-automatic pistol, bearing serial number ABCR-10445;<br><br>A Taurus, model 856, .38 SPL caliber revolver, bearing serial number ADB931191;<br><br>An AR-style, .223/5.56 caliber pistol, bearing no serial number (commonly referred to a "ghost gun"); and<br><br>An AR-style, ghost gun, .223/5.56 caliber short barrel rifle. |
| 05/18/2022 | A Ruger, model 5.7, 5.7 x 28 caliber semi-automatic pistol, bearing serial number 643-78051;<br><br>A Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number AAKS362;<br><br>A Sig Sauer, model P226, 9mm Para caliber semi-automatic pistol, bearing serial number UU 655828;<br><br>A Taurus, model PT 145 PRO, .45 ACP caliber semi-automatic pistol, with an obliterated serial number;<br><br>A Taurus, model G2C, 9mm caliber semi-automatic pistol, bearing serial number 1C072677;<br><br>A Smith & Wesson, model Airweight, .38 S&W SPL + P caliber revolver, bearing serial number CTW8972; and<br><br>A Canik, model TB9SF, 9mm caliber semi-automatic pistol, bearing serial number T6472-20-AT 15603. |

8

| Date | Firearm(s) |
|------|------------|
| 05/19/2022 | A Huglu, model RZ17 Tactical Silver Eagle, 12-gauge shotgun, bearing serial number 39-H21PT-8570;<br><br>Two AR-style, ghost gun, .223 caliber pistols;<br><br>An AR-style, ghost gun, .223 caliber rifle; and<br><br>An AR-style, ghost gun, .223 caliber short barrel rifle. |
| 06/03/2022 | A Sun City Machinery Co., model .320, 12-gauge shotgun, bearing serial number 153491R;<br><br>A Smith & Wesson, model MP9 Shield, 9mm caliber semi-automatic pistol, bearing serial number HVY7240;<br><br>An AR-style, ghost gun, .223 caliber pistol; and<br><br>A Glock-style, ghost gun, 9mm caliber pistol. |

COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about May 2, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed firearms, namely, a Taurus, model GX4, 9mm caliber semi-automatic pistol, bearing serial number 1GA67637, and a Ruger, model LCP MAX, .380 auto caliber semi-automatic pistol, bearing serial number 381359008, in and affecting interstate and foreign commerce.

Defendant JOHNSON possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2. Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about May 4, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed the following firearms, in and affecting interstate and foreign commerce:

1.    a Ruger, model AR-556, .556 caliber semi-automatic rifle, bearing serial number 1852-28163;

2.    a Ruger, model Security 9, 9mm Luger caliber semi-automatic pistol, bearing serial number 385-71900;

3.    a Glock, model 43X, 9mm caliber semi-automatic pistol, bearing serial number BWUY167;

4.    a Smith & Wesson, model SD9, 9mm Luger caliber semi-automatic pistol, bearing serial number FDZ0848; and

5.    a Smith & Wesson, model MP-15, .223 caliber semi-automatic rifle, bearing serial number TU20032.

Defendant JOHNSON possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2.    Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about May 10, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   a Glock, model 43, 9mm caliber semi-automatic pistol, bearing serial number AFDA303;

2.   a Taurus, model G3, 9mm caliber pistol, bearing serial number ACK450889;

3.   an ABC Rifle Company, model ABC-15, multi-caliber semi-automatic pistol, bearing serial number ABCR-10445;

4.   a Taurus, model 856, .38 SPL caliber revolver, bearing serial number ADB931191; and

5.   approximately 300 rounds of SAR 5.56x45 caliber ammunition.

Defendant JOHNSON possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2.   Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

COUNT SIX

[26 U.S.C. § 5861(d)]

[DEFENDANT JOHNSON]

On or about May 10, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed a firearm, namely, an AR-style, .223/5.56 caliber rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, which defendant JOHNSON knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant JOHNSON in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT SEVEN

[18 U.S.C. § 922(o)]

[DEFENDANT JOHNSON]

On or about May 10, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that defendant JOHNSON knew to be a machinegun, namely, an AR-style, .223/5.56 caliber pistol, bearing no serial number (commonly referred to a "ghost gun") with a machinegun conversion device that was designed and intended solely and exclusively for use in converting a weapon into a machinegun.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about May 18, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   a Ruger, model 5.7, 5.7 x 28 caliber semi-automatic pistol, bearing serial number 643-78051;

2.   a Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number AAKS362;

3.   a Sig Sauer, model P226, 9mm Para caliber semi-automatic pistol, bearing serial number UU 655828;

4.   a Taurus, model PT 145 PRO, .45 ACP caliber semi-automatic pistol, bearing no serial number;

5.   a Taurus, model G2C, 9mm caliber semi-automatic pistol, bearing serial number 1C072677;

6.   a Smith & Wesson, model Airweight, .38 S&W SPL + P caliber revolver, bearing serial number CTW8972;

7.   a Canik, model TB9SF, 9mm caliber semi-automatic pistol, bearing serial number T6472-20-AT 15603; and

8.   approximately 50 rounds of Fabrique Nationale Belgium, 5.7 x 28 caliber ammunition.

Defendant JOHNSON possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2.   Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

COUNT NINE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about May 19, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed a firearm, namely, a Huglu, model RZ17 Tactical Silver Eagle, 12-gauge shotgun, bearing serial number 39-H21PT-8570, in and affecting interstate and foreign commerce.

Defendant JOHNSON possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2.   Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

17

COUNT TEN

[26 U.S.C. § 5861(d)]

[DEFENDANT JOHNSON]

On or about May 19, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed a firearm, namely, an AR-style, .223 caliber rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, which defendant JOHNSON knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant JOHNSON in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT ELEVEN

[18 U.S.C. § 922(o)]

[DEFENDANT JOHNSON]

On or about May 19, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed two machineguns, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that defendant JOHNSON knew to be machineguns, namely, two AR-style, .223 caliber pistols, bearing no serial number (commonly referred to as "ghost guns") each with an AR-style, model 15, machinegun conversion devices that were designed and intended solely and exclusively for use in converting weapons into machineguns.

COUNT TWELVE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT JOHNSON]

On or about June 3, 2022, in Los Angeles County, within the Central District of California, defendant MATTHEW JOHNSON, also known as "East," knowingly possessed firearms, namely, a Sun City Machinery Co., model .320, 12-gauge shotgun, bearing serial number 153491R, and a Smith & Wesson, model MP9 Shield, 9mm caliber semi-automatic pistol, bearing serial number HVY7240, in and affecting interstate and foreign commerce.

Defendant JOHNSON possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA125613, on or about February 11, 2009; and

2.    Sales of Cocaine Base, in violation of California Health and Safety Code Section 11352, in the Superior Court for the State of California, County of Los Angeles, Case Number YA072253, on or about February 26, 2013.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of a defendant's conviction of the offenses set forth in any of Counts Three, Four, Five, Eight, Nine, and Twelve of this Indictment.

2.   A defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), a defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1) and Title 28, United States

7    Code, Section 2461(c), in the event of any defendant's conviction of

8    the offense set forth in Count Two of this Indictment.

9    2.    A defendant, if so convicted, shall forfeit to the United

10   States of America the following:

11        (a)   All right, title, and interest in any firearm or

12   ammunition involved in or used in such offense; and

13        (b)   To the extent such property is not available for

14   forfeiture, a sum of money equal to the total value of the property

15   described in subparagraph (a).

16   3.    Pursuant to Title 21, United States Code, Section 853(p),

17   as incorporated by Title 28, United States Code, Section 2461(c), the

18   defendant, if so convicted, shall forfeit substitute property, up to

19   the value of the property described in the preceding paragraph if, as

20   the result of any act or omission of the defendant, the property

21   described in the preceding paragraph or any portion thereof

22   (a) cannot be located upon the exercise of due diligence; (b) has

23   been transferred, sold to, or deposited with a third party; (c) has

24   //

25   //

26

27

28

1  been placed beyond the jurisdiction of the court; (d) has been

2  substantially diminished in value; or (e) has been commingled with

3  other property that cannot be divided without difficulty.

4

5                                        A TRUE BILL

6

7                                        _____/S/_____

8                                        Foreperson

9  TRACY L. WILKISON
   United States Attorney

10

11

12 SCOTT M. GARRINGER
   Assistant United States Attorney

13 Chief, Criminal Division

14 DAVID T. RYAN
   Assistant United States Attorney

15 Deputy Chief, General Crimes
   Section

16

17 VARUN BEHL
   Assistant United States Attorney
   General Crimes Section

18

19

20

21

22

23

24

25

26

27

28